**Frank E. WOOD, Plaintiff,**

v.

**GREAT AMERICAN INSURANCE COMPANY, Defendant.**

**No. 67–C–288.**

United States District Court
E. D. Wisconsin.

July 18, 1968.

Harney B. Stover, Milwaukee, Wis., for plaintiff.

John M. Reinhart, Milwaukee, Wis., for defendant.

## ORDER

MYRON L. GORDON, District Judge.

The damage to the plaintiff's vessel resulted from water escaping from an opening in a small rubber hose which was attached to copper tubing on the vessel. A break in the rubber hose permitted water to inundate the plaintiff's boat. Clamps located at either end of the short hose remained intact, but the hose connection itself was found to have a hole in it large enough to insert one's finger.

There was no proof offered as to the cause of the hole in the rubber hose, and the court is obliged to resolve the dispute without direct evidence touching on this critical point. The defendant contends that it was the result of ordinary wear and tear, since the part appears to have been in use four years. The plaintiff, on the other hand, argues that the hose had a "latent defect" within it and also that there was an "explosion", as that term is used in the policy.

The evidence does not permit the court to conclude that there was any latent defect; it is just as consistent with the evidence that the hose broke because of weakness resulting from ordinary wear and tear.

The fact that the hose was found to be "split out" does not support the plaintiff's claim that there had been an explosion. In Aetna Casualty and Surety Co. v. Osborne-McMillan Elevator Co., 26 Wis.2d 292, 132 N.W.2d 510 (1965), the court considered the term "explosion" and distinguished it from a "rupture" or "bursting". In the case at bar, there was a total absence of any evidence which would show that there had been a buildup of pressure, violent expansion or noise accompanying the rent in the hose. In the absence of the typical indicia of an explosion, the court must conclude that the plaintiff has failed to prove it.

The policy of marine insurance in the case at bar provided coverage for explosions, latent defects in the machinery and for "perils of the sea". In my opinion, the plaintiff has failed to establish his claim under any of these provisions. Accordingly, the defendant is entitled to judgment dismissing the plaintiff's complaint with costs.

Therefore, it is ordered that the plaintiff's complaint be and hereby is dismissed and that the defendant recover its costs in this action.